REED PERRON, peticionario, *v.* HON. LOLITA MIRANDA, JUEZ; HON. EDITH PARDO, JUEZ; TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, SALA DE RELACIONES DE FAMILIA, demandados.

*Número:* JO-83-5      *Resuelto:* 15 de marzo de 1983

*Sarah Torres Peralta* y *Fausto Ramos Quirós*, abogados del peticionario; *Luis F. Abreu Elías* y *Milagros Quesada Picó*, abogados de los demandados.

PER CURIAM: Los hechos que dan origen a este caso fueron expuestos en detalle en nuestra opinión en el caso O-82-727, *Perron* v. *Corretjer*, 113 D.P.R. 593 (1982). Allí resolvimos que una determinación judicial del tribunal de Nueva Jersey sobre la custodia de las niñas menores de edad habidas en el matrimonio entre las partes debe recibir en Puerto Rico entera fe y crédito. Nos basamos en la ley del Congreso conocida por *Parental Kidnapping Prevention Act*, de 1980, que por sus términos específicos es aplicable a todos los estados y al Estado Libre Asociado de Puerto Rico. 28 U.S.C.A. sec. 1738A(b)(8). Este estatuto establece que cuando existen varios estados con jurisdicción concurrente para adjudicar un incidente de custodia sólo se le reconocerá entera fe y crédito a aquel que cumpla con las condiciones prescritas en la Sec. 1738A(c). ([1]) En el caso de autos,

---

([1]) "(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section,

Nueva Jersey es el estado que cumple con el requisito principal de *home State* o Estado residencia de dicho enor "con seis meses de antelación a la fecha en que se iniciaron los procedimientos y el menor está ausente debido a que ha sido trasladado o retenido por uno de los padres litigantes, o por otra razón, y el promovente permanece en ese estado". 28 U.S.C.A. 1738A(c)(2)(A). (²)

---

any child custody determination made consistently with the provisions of this section by a court of another State.

.        .        .        .        .        .        .        .

"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—

"(1) such court has jurisdiction under the law of such State; and

"(2) one of the following conditions is met:

"(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;

"(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;

"(D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) if it is in the best interest of the child that such court assume jurisdiction; or

"(E) the court has continuing jurisdiction pursuant to subsection (d) of this section."

(²) La Sec. 1738A(b)(4) dispone:

"'Home State' means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons. Periods of temporary absence of any of such persons are counted as part of the six-month or other period."

■ No hay controversia en este caso sobre el hecho de que las niñas, hijas del matrimonio Perron Corretjer, objeto de la actual controversia, residían en Nueva Jersey y hacía más de seis meses que vivían allí con sus padres cuando la madre se trasladó con ellas a Puerto Rico en agosto de 1982, que al solicitar su custodia en Puerto Rico un mes más tarde no se cumplió con el requisito de ser Puerto Rico el Estado residencia de las niñas, que al instar la acción con igual propósito en Nueva Jersey el señor Perron, aquel estado era el de la residencia de las niñas, según la referida ley, y que el promovente señor Perron estaba viviendo en dicho estado.

■ Cumplidos así esos requisitos de la ley y habiendo ejercido su jurisdicción el estado de Nueva Jersey, la propia ley nos obliga, y obliga a todos los demás estados, al Distrito de Columbia, y a los territorios en que aplica por sus propios términos, a reconocer entera fe y crédito al dictamen del Tribunal Superior de Nueva Jersey. Si fuera a la inversa, es decir, si el Estado residencia de las niñas fuese Puerto Rico y se reuniesen los requisitos de la referida ley para que fuera el Tribunal Superior de San Juan el que tuviese jurisdicción en el caso, por mandato de dicha ley estarían obligados todos los estados, el Distrito de Columbia y los territorios en que la ley aplica, a darle entera fe y crédito al dictamen que sobre el asunto hiciera el Tribunal Superior en San Juan. Como puede verse, la ley persigue un fin de justa reciprocidad en el respeto a la entera fe y crédito que se debe a los tribunales de justicia de allá y a los de acá.(³)

Al revisar el dictamen del tribunal de Nueva Jersey que fuera objeto de nuestra decisión en el referido caso O-82-727, notamos que se había concedido un plazo irrazonablemente corto a la señora Corretjer para comparecer ante

---

(³) H. Foster, *Child Custody Jurisdiction: UCCJA and PKPA*, 27 N.Y.L. Sch. L. Rev. 297 (1981).

aquel tribunal en la vista en que se adjudicó la custodia provisional al padre. A base de ello concluimos que el decreto no cumplía con el requisito de debido procedimiento de ley y denegamos en esa etapa la ejecución de dicho decreto.

Con posterioridad, el Tribunal Superior de Nueva Jersey así lo reconoció. Acató nuestro dictamen de que no actuó correctamente al dar un plazo brevísimo a la señora Corretjer para comparecer. Y se nos han acreditado, como es debido, los siguientes hechos ocurridos luego.

El 8 de diciembre de 1982 el Tribunal Superior de Nueva Jersey emitió una orden en que señaló vista para el 17 de enero de 1983 —cuarenta días más tarde—, notificada por correo certificado a la señora Corretjer con suficiente antelación. Dicha orden le fue entregada personalmente en la residencia de la madre de la señora Corretjer, y personalmente también al abogado de ella. La notificación personal en la residencia de su señora madre, en la que ella reside, se hizo el 11 de diciembre de 1982.

La referida orden impuso como condición al señor Perron que éste depositara $1,000 en la secretaría de aquel tribunal para los alimentos iniciales de la señora Corretjer y de las niñas en Nueva Jersey, a serles entregada dicha suma a su arribo a aquel estado; y que el señor Perron entregase a la señora Corretjer pasajes de avión para que ella y sus hijas se trasladaran a Nueva Jersey. Los $1,000 fueron consignados por el señor Perron el 3 de enero de 1983. Los pasajes de avión fueron enviados a la representación profesional de la señora Corretjer el 5 de enero de 1983. El 10 de enero de 1983, la representación profesional de la señora Corretjer devolvió los pasajes a los abogados del señor Perron por mensajero, sin dar explicaciones. En la moción de esa fecha, indicaron que no estaban obligados a entregar documentos a su cliente ni a ninguna otra persona. El 12 de enero los pasajes fueron entregados personalmente en la residencia de la madre de la señora Co-

rretjer. Fueron devueltos a los abogados del señor Perron en la misma fecha, sin dar explicaciones.

Así las cosas, el 13 de enero los abogados del señor Perron solicitaron el auxilio del Tribunal Superior, Sala de San Juan, para la entrega de los pasajes. Por resolución del 14 de enero, dicho tribunal denegó lo solicitado aduciendo que: "El caso del epígrafe [RF-82-4317, que había dado motivo a nuestra decisión en el O-82-727] terminó por virtud de una opinión del Tribunal Supremo emitida el 30 de noviembre de 1982. . . ."

El 15 de enero de 1983 los pasajes fueron entregados otra vez en la residencia, en Puerto Rico, de la señora Corretjer.

Mediante moción del 12 de enero de 1983 se informó al Tribunal Superior, Sala de San Juan, y a la señora Corretjer, por sus abogados, que se le habían hecho reservaciones en Eastern Air Lines para su traslado y el de las niñas a Nueva Jersey, habiéndose hecho entrega, además, de pasajes para dos peritos y un abogado de Puerto Rico que ella había informado que interesaba llevar a Nueva Jersey.

Informado de todo esto el Tribunal Superior de Nueva Jersey, celebró vista en la fecha señalada, a la que no compareció la señora Corretjer ni sus abogados, recibió prueba y finalmente decretó por escrito el 1 de febrero de 1983, que concedía la custodia al señor Perron.

El 8 de febrero de 1983 el señor Perron presentó moción ante el Tribunal Superior, Sala de San Juan, que acompañó con copia del expediente certificado de lo actuado ante el Tribunal Superior de Nueva Jersey y del decreto de ese tribunal, y solicitó que se diera plena vigencia a dicho decreto en Puerto Rico. El 15 de febrero se reiteró la solicitud en la moción del 8 de febrero de 1983.

El 28 de febrero de 1983 el señor Perron instó ante nos la petición de *mandamus* de epígrafe, para que ordenemos a la honorable Lolita Miranda, juez que ha estado interviniendo en los trámites promovidos ante el Tribunal Supe-

rior, Sala de San Juan, antes relacionados, que ponga en vigor la orden del tribunal de Nueva Jersey.

Por resolución del 2 de marzo de 1983 requerimos de la honorable Lolita Miranda que proveyera sobre dichas mociones en un plazo de cinco días laborables. En obediencia a dicha resolución, la honorable Lolita Miranda expidió resolución el 8 de marzo de 1983 en que informa que ha señalado una vista para el 4 de abril de 1983, a las 2:00 de la tarde y que ésta queda en pie, para determinar sobre las siguientes circunstancias:

1. La demandada en los procedimientos en Nueva Jersey impugnó la jurisdicción de aquella Corte, si bien dicha Corte resolvió en su contra el planteamiento.

2. La orden de aquella Corte de 8 de diciembre de 1982, citando para una vista luego de la sentencia dictada por nuestro Tribunal Supremo, no fue notificada personalmente a la demandada, si bien dicha Corte concluyó que la "notificación" hecha dejando copia con una persona mayor en la residencia de la madre, es suficiente bajo las Reglas de Procedimiento de aquel Estado.

Señala que el señor Perron deberá demostrar el 4 de abril de 1983 que la orden del tribunal de Nueva Jersey "no es contraria a nuestro orden público ni a los principios básicos de la justicia".

Las "circunstancias" enumeradas en la resolución de la honorable Lolita Miranda del 8 de marzo de 1983, que hemos transcrito, se reducen a la determinación de si actuó con jurisdicción el tribunal de Nueva Jersey. Examinémoslas.

En cuanto a la impugnación de lo decretado por el tribunal de Nueva Jersey, resolvimos en el citado caso O-82-727 que aquel tribunal es el que cumple con lo prescrito en el PKPA. Esa es la ley del caso.

Si el ataque a su jurisdicción se basa en defectos en la notificación o citación para la vista del 17 de enero de 1983, tampoco puede prevalecer. La demandada fue notificada

por correo certificado por dicho tribunal para la vista señalada para el 17 de enero de 1983. Dicha citación se le hizo también por conducto de entrega personal a su abogado, y mediante entrega personal en el hogar de su señora madre, donde reside. Esta notificación cumple con lo establecido por la Regla 4.4 de Procedimiento Civil del estado de Nueva Jersey.

Finalmente, la determinación de si la decisión del Tribunal Superior de Nueva Jersey es "contraria a nuestro orden público [o] a los principios básicos sobre la justicia", que señala la resolución del 8 de marzo de 1983 de la honorable Lolita Miranda como razón para mantener el señalamiento para el 4 de abril, no puede sostenerse.

Por último, el hecho de que la señora Corretjer haya invocado la jurisdicción revisora del Tribunal Supremo de los Estados Unidos para atacar nuestra decisión en el caso O-82-727 no paraliza nuestra decisión. Se trata de una solicitud de *certiorari* que dicho tribunal no está obligado a expedir. Su expedición es discrecional.

Por lo expuesto *se expide el auto de mandamus solicitado, se deja sin efecto el señalamiento ordenado por la honorable Lolita Miranda para el 4 de abril de 1983, y se le ordena que dé entera fe y crédito al dictamen del Tribunal Superior de Nueva Jersey y lo ponga en ejecución sin dilación ni excusa de clase alguna.*

Los Jueces Asociados Señores Díaz Cruz y Rebollo López concurren en el resultado sin opinión.